UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN TOCARCHICK,

       Plaintiff,

                            Case No. 22-12545

  v.

                            Hon. George Caram Steeh

JIM FOUTS, Mayor of
the City of Warren, *et al.*,

       Defendant.
_____/

ORDER GRANTING APPLICATION TO PROCEED
*IN FORMA PAUPERIS* AND DISMISSING COMPLAINT

      Appearing pro se, Plaintiff Susan Tocarchick filed a complaint and an application to proceed without prepayment of fees on October 21, 2022. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

      Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although pro se complaints are liberally construed and held to a less stringent standard than those drafted by

attorneys, pro se litigants must nonetheless comply with the basic pleading requirements of Rule 8. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff is suing Jim Fouts, the Mayor of the City of Warren; Police Officers Holly Nunn, Christian Benoit, and Timothy Pasternacki; City Attorney Mary Michaels; the City of Warren Police Department; and "5 Paramedics." She alleges fraudulent misrepresentation, discrimination, perjury, corruption, and misconduct in relation to a motor vehicle accident that occurred in 2017. Plaintiff primarily appears to take issue with the accident report prepared by Officer Nunn, alleging that it incorrectly identified the driver at fault. With respect to this issue, Plaintiff sued the Warren Police Department, City of Warren, Warren EMTs, Officer Nunn, and Christian Bonnet in state court. Plaintiff also complains about how the City, its counsel, and the presiding judge conducted that litigation. She alleges that the city attorney, Mary Michaels, fraudulently misrepresented the facts of the case in court and was in "cahoots" with the judge.

Plaintiff has failed to allege a basis for federal subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. To the extent she raises any cognizable claim for relief, she does not allege a violation of federal law. The federal statutes that she cites in her complaint are largely criminal

statutes (18 U.S.C. § 1341 (fraud), 18 U.S.C. §§ 1621, 1623 (perjury), and 18 U.S.C. § 201 (bribery)). The authority to bring a criminal complaint rests with the United States Attorney's Office and private individuals do not have a right of action under these criminal statutes. *Kafele v. Frank & Wooldridge Co.*, 108 Fed. Appx. 307, 308 (6th Cir. 2004).

Plaintiff also cites 31 U.S.C. § 6711, which prohibits discrimination in "a program or activity of a unit of general local government because of [disability], race, color, national origin, or sex if the government receives a payment under" Chapter 67 of Title 31. That chapter provides payments to local governments to carry out programs related to "education to prevent crime," "substance abuse treatment to prevent crime," and "job programs to prevent crime." *See* 31 U.S.C. § 6701(a)(2). Although Plaintiff alleges in a conclusory manner that the City, police department, and paramedics treated her differently because she has cerebral palsy, her allegations do not relate to the programs identified in § 6701, which is required to establish a violation of § 6711. Nor has Plaintiff alleged that she has exhausted her administrative remedies before filing suit. *See* 31 U.S.C. § 6716(b) (requiring exhaustion of administrative remedies before a claim under § 6711 may be filed in federal court).

In addition to failing to identify a cognizable federal cause of action, Plaintiff does not plausibly allege that each of the Defendants engaged in wrongdoing. *See Iqbal*, 556 U.S. at 678 ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Indeed, the complaint is devoid of factual allegations regarding several of the defendants, including Mayor Fouts, Christian Benoit, and Timothy Pasternacki.

Finally, to the extent Plaintiff is challenging state court orders or how the state court litigation was conducted, her avenue for relief is through the state court appeals process. *See Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to review state court orders or judgments).

Plaintiff has failed to state a claim and the court lacks subject matter jurisdiction. Accordingly, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED.

Dated:  November 10, 2022

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

- 6 -

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 10, 2022, by electronic and/or ordinary mail and also on Susan Tocarchick, 19250 East 12 Mile Rd., Apt 16 Roseville, MI 48066.

s/Brianna Sauve
Deputy Clerk

---