UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN TOCARCHICK,

      Plaintiff,

v.

JIM FOUTS, Mayor of
the City of Warren, *et al.*,

      Defendant.
_____/

Case No. 22-12545

Hon. George Caram Steeh

ORDER DENYING MOTION FOR RECONSIDERATION
AND ALL PENDING MOTIONS (ECF NOS. 7, 8, 9, 14, 19)

Plaintiff Susan Tocarchick filed a complaint and application to proceed *in forma pauperis* on October 21, 2022. After screening the complaint pursuant to 28 U.S.C. § 1915(e), the court dismissed it for failure to state a claim and lack of subject matter jurisdiction. ECF No. 5. Since then, Plaintiff has filed motions for reconsideration, appointment of counsel, and a hearing, along with several exhibits. *See* ECF Nos. 7, 8, 9, 11, 12, 13, 14, 15, 19. Plaintiff expresses concern that this action was dismissed prematurely because she was unable to upload documents that would prove her case.

To the contrary, however, the court is aware that Plaintiff is not required to prove her case at this stage of the proceedings. Rather, Plaintiff

- 1 -

must allege facts that, if assumed to be true, establish a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing Plaintiff's complaint, the court assumed her well-pleaded factual allegations to be true. Nonetheless, the court determined that it lacked matter jurisdiction over this action.

Without subject matter jurisdiction, the court lacks the power to adjudicate this dispute. This is because "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). *See also Ohio ex rel. Skaggs v. Brunner,* 549 F.3d 468, 474 (6th Cir. 2008) ("Unlike state trial courts, [federal courts] do not have general jurisdiction to review questions of federal and state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve.").

The court has reviewed all of Plaintiff's filings, including the accident report that she has emphasized. Unfortunately for Plaintiff, none of these filings establish a basis for federal subject matter jurisdiction, even when read liberally in light of Plaintiff's pro se status. Plaintiff has not

demonstrated that the court erred in dismissing her complaint. *See* LR 7.1(h)(1); Fed. R. Civ. P. 60(b) (listing grounds for relief from final judgment).

Because the court lacks the power to adjudicate this dispute, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (ECF No. 7) and all other pending motions (ECF No. 8, 9, 14, 19) are DENIED.

Dated: January 10, 2023

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 10, 2023, by electronic and/or ordinary mail and also on Susan Tocarchick, 19250 East 12 Mile Rd., Apt 16, Roseville, MI 48066.

s/Brianna Sauve
Deputy Clerk